**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2024 MSPB 2**

Docket No. DA-0752-15-0498-I-1

**Sergio Luna,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

January 10, 2024

Lorenzo W. Tijerina, Esquire, San Antonio, Texas, for the appellant.

Nina Fantl, San Antonio, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision that sustained his removal for failure to cooperate in an investigative interview.  For the reasons set forth below, we DENY the petition for review and AFFIRM the initial decision.  The appellant's removal is SUSTAINED.

BACKGROUND

¶2      The material facts of this appeal are undisputed.  The appellant was an Immigration Enforcement Agent for the agency.  Initial Appeal File (IAF), Tab 4 at 26.  In 2014, the agency's Office of Professional Responsibility (OPR) investigated the appellant concerning allegations of disreputable associations and

illicit activities. *Id.* at 162-64, 264. As part of the investigation, the agency directed the appellant to appear for an OPR interview on June 18, 2014. *Id.* at 259. Prior to the interview, the agency notified the appellant that he would be required to cooperate fully with the OPR investigator and to answer all relevant and material questions. *Id.* at 259, 261. It warned him that failure to cooperate in the interview could result in disciplinary action, up to and including removal. *Id.* at 259, 261-62. The agency further represented to the appellant that neither the answers he gave to the interview questions nor any information gathered by reason of those answers could be used against him in a criminal prosecution, except that the appellant could be prosecuted for any false answers that he might give. *Id.* at 261-63.

¶3    On March 18, 2015, the agency proposed the appellant's removal based on a charge of failure to cooperate in an official investigation, with two specifications. *Id.* at 152-56. Under Specification 1, the agency alleged that, during the June 18, 2014 interview, the appellant refused to candidly answer questions about an incident with law enforcement in Mexico. *Id.* at 153-54. Under Specification 2, the agency alleged that the appellant and his representative abruptly terminated the interview and walked out before the interview had concluded. *Id.* at 154. After the appellant responded, the deciding official issued a decision sustaining both specifications and removing the appellant effective June 17, 2015.[1] *Id.* at 26, 34-40.

¶4    The appellant filed a Board appeal challenging the merits of the removal and raising several affirmative defenses. IAF, Tab 1 at 6, 11-12, Tab 15 at 4-12, Tab 32 at 1-2. Among other things, the appellant argued that the agency could

[1] Prior to the proposal at issue in this appeal, on October 31, 2014, the agency proposed to remove the appellant for failure to cooperate in another administrative investigation. IAF, Tab 18 at 79-85. The two separate removal proceedings ran parallel with each other, and the deciding official addressed them in the same June 16, 2015 decision letter. IAF, Tab 4 at 34. Although the deciding official removed the appellant pursuant to the March 18, 2015 proposal, he did not sustain the charges in the October 31, 2014 proposal, and that case was closed without action. *Id.*

not discipline him for failing to answer questions with criminal implications absent a "declination to prosecute" from the Department of Justice (DOJ), which the agency failed to provide. IAF, Tab 15 at 11.

¶5    After a hearing, the administrative judge issued an initial decision sustaining the appellant's removal. IAF, Tab 48, Initial Decision (ID). She found that the appellant failed to cooperate, as charged, and that the agency was not required to obtain assurance of immunity directly from DOJ before compelling the appellant to answer questions. ID at 5-15. The administrative judge further found that the removal penalty was reasonable, and that the appellant did not prove any of his affirmative defenses. ID at 15-30.

¶6    The appellant has filed a petition for review contesting the administrative judge's findings and analysis. Petition for Review (PFR) File, Tab 5. The agency has filed a response. PFR File, Tab 7.

## ANALYSIS

¶7    For the reasons explained in the initial decision, we agree with the administrative judge that the appellant refused to cooperate in the OPR investigation as alleged. ID at 4-15. However, that is not the end of the inquiry. A Federal agency's authority to discipline an employee for failure to cooperate in an investigation is circumscribed by the Fifth Amendment to the Constitution. The Fifth Amendment provides in relevant part that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself."[2] Essentially, the Government may not support a criminal proceeding with statements that it obtained from a public employee under threat of removal from office. *See Garrity v. New Jersey*, 385 U.S. 493, 496-500 (1967).

---

[2] The Fifth Amendment right to remain silent attaches only when there is a reasonable belief that elicited statements will be used in a criminal proceeding. *Ashford v. Department of Justice*, 6 M.S.P.R. 458, 467 (1981). Although there had been no criminal proceeding initiated against the appellant as of the June 18, 2014 interview, there is no dispute that the interview concerned allegations of conduct that carry criminal penalties under Federal law.

¶8        The contrapositive of this rule is that the Government may not remove an employee from public office for refusing to give statements that could subsequently be used against him in a criminal proceeding. *Devine v. Goodstein*, 680 F.2d 243, 246 (D.C. Cir. 1982). The Fifth Amendment privileges an individual not to answer official questions put to him in any proceeding, civil or criminal, formal or informal, when the answers might incriminate him in future criminal proceedings. *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). Nevertheless, a public employee subjects himself to dismissal if he refuses to account for his performance of his public trust, after proper proceedings, which do not involve an attempt to coerce him to relinquish his constitutional rights. *Uniformed Sanitation Men Association v. City of New York*, 392 U.S. 280, 285 (1968). The Government may accomplish this by giving the employee adequate notice both that he is subject to discharge for not answering and that his replies (and their fruits) cannot be employed against him in a criminal case.[3] *Kalkines v. United States*, 200 Ct. Cl. 570, 574 (1973). Thus, the Court of Claims held that an employee may be removed for not answering questions posed by his employing agency if he is adequately informed both that he is subject to discharge for not answering and that his replies and their fruits cannot be used against him in a criminal case.[4] *Id.*; *see Haine v. Department of the Navy*, 41 M.S.P.R. 462, 469 (1989); *Weston v. Department of Housing and Urban Development*, 14 M.S.P.R.

---

[3] The immunity contemplated in *Kalkines* is commonly known as "use immunity." Use immunity prevents the Government from using compelled statements or any evidence derived from those statements in a subsequent criminal prosecution, but it does not prevent the Government from using other evidence to conduct a prosecution. This is contrasted with transactional immunity, which categorically precludes the Government from prosecuting the individual for offenses to which the compelled testimony relates. *See Kastigar v. United States*, 406 U.S. 441, 443 (1972).

[4] The holdings of the U.S. Court of Claims, announced before the close of business September 30, 1982, are binding precedent in the U.S. Court of Appeals for the Federal Circuit. *South Corp. v. United States*, 690 F.2d 1368, 1369 (Fed. Cir. 1982) (en banc). These decisions of the U.S. Court of Claims are, in turn, binding on the Board. *Social Security Administration v. Mills*, 73 M.S.P.R. 463, 469-70 (1996), *aff'd*, 124 F.3d 228 (Fed. Cir. 1997).

321, 324, *aff'd,* 724 F.2d 943 (Fed. Cir. 1983); *Ashford v. Department of Justice,* 6 M.S.P.R. 458, 465 (1981). The issue in this appeal is what constitutes "adequate" notice of immunity.

¶9 The appellant argued below, as he does on review, that the agency's notices of use immunity were inadequate, and that absent documentation of immunity from DOJ, his Fifth Amendment right to remain silent still obtained. PFR File, Tab 5 at 25-26; IAF, Tab 15 at 11. The agency argues that the notices of immunity that it provided to the appellant were sufficient under *Kalkines,* and that there was no requirement for it to also obtain documented approval of that immunity from DOJ. PFR File, Tab 7 at 1; IAF, Tab 4 at 259, 261-62, 264-65, Tab 18 at 4-6.

¶10 The administrative judge agreed with the agency. ID at 14. She reasoned that the appellant was urging her to add an additional condition to the Board's holding in *Haine,* and that she was not free to do so. *Id.*; *see Rose v. Department of Justice,* 118 M.S.P.R. 302, ¶ 8 (2012) ("An administrative judge is bound by Board precedent and is not free to substitute his views for Board law."). She also observed that the appellant's requested documentation from DOJ would be redundant to the extent that, under *Garrity,* any statements compelled under the threat of removal would be inadmissible in a criminal proceeding regardless of whether DOJ assented to immunity in advance. ID at 14.

¶11 For the following reasons, we agree with the administrative judge and we hold that adequate assurance of immunity under *Kalkines* does not require assent, written or otherwise, from DOJ. First, just as the administrative judge was not free to impose additional requirements on the agency beyond those set forth by the Board, the Board is not free to impose additional requirements beyond those set forth by the U.S. Court of Appeals for the Federal Circuit. *See Gende v. Department of Justice,* 35 M.S.P.R. 518, 523 (1987). Having reviewed the notices that the agency provided to the appellant prior to the interview, we find that they were adequate to satisfy the requirements of *Kalkines*; the agency

clearly notified the appellant that his failure to cooperate in the interview could result in administrative discipline, up to and including removal, and that neither the answers he gave to the interview questions nor any information gathered by reason of those answers could be used against him in a criminal prosecution. IAF, Tab 4 at 259, 261-623.

¶12    Second, we agree with the administrative judge that the assurance of immunity that the appellant received from his employing agency was binding on the Government even absent the explicit assent of DOJ. *See Gardner v. Broderick*, 392 U.S. 273, 278 (1968); *Uniformed Sanitation Men*, 392 U.S. at 284; *Garrity*, 385 U.S. at 496-500. Consistent with this Supreme Court precedent, the Federal Circuit has held that, when an employee is prospectively granted immunity through the *Garrity* exclusion rule, he may be removed for failure to cooperate with an agency investigation. *Modrowski v. Department of Veterans Affairs*, 252 F.3d 1344, 1350-51 (2001); *Weston v. Department of Housing and Urban Development*, 724 F.2d 943, 947 (1983).

¶13    There are some situations in which a prospective grant of immunity under *Garrity* is not sufficient for the Government to compel testimony. Specifically, Title II of the Organized Crime Control Act of 1970, Pub. L. No. 91-452, 84 Stat. 922, 926-32 (codified as amended at 18 U.S.C. chapter 601), sets forth specific procedural requirements that the Government must follow in order to compel testimony in various judicial, administrative, and congressional proceedings. The section concerning administrative proceedings provides as follows:

> (a) In the case of any individual who has been or who may be called to testify or provide other information at any proceeding before an agency of the United States, the agency may, with the approval of the Attorney General, issue, in accordance with subsection (b) of this section, an order requiring the individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination,

such order to become effective as provided in section 6002 of this title.[5]

>        (b) An agency of the United States may issue an order under subsection (a) of this section only if in its judgment–

>                (1) the testimony or other information from such individual may be necessary to the public interest; and

>                (2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

18 U.S.C. § 6004. Thus, a formal grant of immunity under this section cannot be given without "approval of the Attorney General."[6] The Supreme Court has held that, for proceedings in which such a formal grant of immunity is available, this is the only way for the Government to compel testimony over a Fifth Amendment objection. *Pillsbury Co. v. Conboy*, 459 U.S. 248, 253-64 (1983). Prospective immunity granted by the court or agency conducting the proceeding is insufficient. *United States v. Doe*, 465 U.S. 605, 615-17 (1984). Therefore, if the agency's June 18, 2014 interview were covered by 18 U.S.C. chapter 601, the documentation advising the appellant of his *Kalkines* rights would have been insufficient to overcome his Fifth Amendment objection; the agency would have instead had to have followed the statutory procedure and issue a formal order with the approval of the Attorney General.

¶14        However, we find that the investigative interview was not a proceeding covered by 18 U.S.C. chapter 601. Specifically, 18 U.S.C. § 6001(3) defines "proceeding before an agency of the United States" as "any proceeding before such an agency with respect to which it is authorized to issue subpoenas and to take testimony or receive other information from witnesses under oath." There is

---

[5] Section 6002 of Title 18 of the United States Code provides that if the Government issues an order under this chapter, the subject witness may not refuse to testify on the basis of his privilege against self-incrimination, but no truthful testimony or other information compelled under the order, or any information derived therefrom, may be used against the witness in a criminal case.

[6] The Attorney General has, by regulation, delegated this approval authority to certain other officers within DOJ, depending on the circumstances. 28 C.F.R. § 0.175.

no indication in this case that the agency had such authority, and at this time we are unaware of any Federal agency that would be authorized to issue a subpoena in an employment-related investigation of one of its own employees.

¶15     We therefore hold that the procedures of 18 U.S.C. chapter 601 do not apply to the agency's investigation into the appellant's work performance or fitness for duty, and we join numerous courts in holding that a Government employee is not entitled to formal immunity before being compelled to answer his employer's questions. *Speilbauer v. County of Santa Clara*, 199 P.3d 1125, 1132-40 (Cal. 2009); *Aguilera v. Baca*, 510 F.3d 1161, 1171-1172 (9th Cir. 2007); *Hill v. Johnson*, 160 F.3d 469, 471 (8th Cir. 1998); *Harrison v. Wille*, 132 F.3d 679, 683 (11th Cir.1998); *Wiley v. Mayor and City Council of Baltimore*, 48 F.3d 773, 777 (4th Cir. 1995); *Arrington v. County of Dallas*, (5th Cir. 1992). Public employees "are not relegated to a watered-down version of constitutional rights." *Garrity*, 385 U.S. at 500. Nevertheless, there is an "important public interest in securing from public employees an accounting of their public trust." *Lefkowitz v. Cunningham*, 431 U.S. 801, 806 (1977). Therefore, "[p]ublic employees may constitutionally be discharged for refusing to answer potentially incriminating questions concerning their official duties if they have not been required to surrender their constitutional immunity." *Id.* The appellant in this case was not required to surrender his constitutional immunity; instead, he was accurately informed of that immunity and of the administrative discipline that he would face if he chose to remain silent. IAF, Tab 4 at 259, 261-62. This notice was sufficient under *Kalkines*, and nothing more was required. Because the appellant refused to answer the agency's questions despite having received adequate notice under *Kalkines*, the ensuing removal action did not violate his constitutional rights.

¶16     We have considered the remaining arguments that the appellant raised on petition for review, but find that none of them provide a basis to disturb the initial decision.

¶17 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Jennifer Everling*

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.