**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2025 MSPB 5**

Docket No. DC-0752-22-0160-I-3

**Michelle Shows,**

**Appellant,**

**v.**

**Department of the Treasury,**

**Agency.**

November 25, 2025

Stephanie Rapp-Tully, Esquire, Washington, D.C., for the appellant.

Adam P. Grogan, Esquire, Syosset, New York, for the appellant.

Mark A. Wines, Esquire, Byron D. Smalley, Esquire, and Daniel C. Carr, Esquire, Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**OPINION AND ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which sustained her removal.  For the reasons set forth below, we DENY the petition for review and AFFIRM the initial decision as MODIFIED by this Opinion and Order, clarifying the appropriate analysis of the appellant's claim that the agency failed to provide her with the proper warning under *Kalkines v. United States*, 200 Ct. Cl. 570, 574 (1973), regarding the possibility of criminal prosecution.

BACKGROUND

¶2    The appellant was employed as a Supervisory Contract Specialist with the Internal Revenue Service (IRS). *Shows v. Department of the Treasury*, MSPB Docket No. DC-0752-22-0160-I-1, Initial Appeal File (IAF), Tab 4 at 11. Effective December 8, 2021, the agency removed her based on the charges of (1) failure to follow established policies, procedures, and standards (one specification); (2) failure to follow management directives or instructions (one specification); and (3) lack of candor in a matter of official interest (one specification). *Id.* at 11-18, 547-48. The charges stem from events that took place during an October 26, 2020 virtual meeting between the appellant and her supervisor to discuss her performance appraisal and the appellant's conduct when subsequently asked questions about what occurred during that virtual meeting. *Id.* at 547-48. In the failure to follow established policies, procedures, and standards charge, the agency stated that, during that virtual meeting, the appellant recorded the discussion with her supervisor without the supervisor's knowledge or authorization and that, during the discussion, the appellant invited an unknown third party to join the discussion unbeknownst to the supervisor. *Id.* at 547. In the failure to follow management directives or instructions charge, the agency stated that, once the agency became aware that the appellant recorded the October 26, 2020 discussion, the Deputy Director of Technology Acquisitions met with the appellant to discuss the recording, and that, during the meeting, he informed her that a third party could be heard on the call, and he asked the appellant to provide the name of the third party. *Id.* The agency charged that the appellant refused to provide the name, even after she was advised that the request constituted a supervisory instruction. *Id.* The agency further charged that, on the same day as the meeting with the Deputy Director, the appellant sent him an email stating that there was not another person in the October 26, 2020 meeting. *Id.* at 547-48. Because the agency asserted that there was another person on the call, it charged the appellant with lack of candor. *Id.*

¶3     The appellant filed an appeal with the Board, challenging her removal, disputing the charges, and asserting the affirmative defenses of reprisal for filing a grievance of her 2020 performance evaluation, disparate treatment, and due process violations.  IAF, Tab 1 at 12-13; *Shows v. Department of the Treasury*, MSPB Docket No. DC-0752-22-0160-I-2, Appeal File (I-2 AF), Tab 24 at 1-3.  She also contended that the agency failed to provide her with a *Kalkine*s warning—a procedural protection requiring notification to an employee of her rights during a civil disciplinary inquiry regarding the potential consequences and possible criminal liability related to any failure to cooperate with such an inquiry. IAF, Tab 1 at 13; I-2 AF, Tab 24 at 11.  The administrative judge construed this claim as one alleging harmful procedural error.  I-2 AF, Tab 24 at 11.

¶4     During the 3-day hearing in this appeal, the appellant acknowledged that the third party overheard on the call with her supervisor was her husband, also an IRS employee working at home, but she stated that anything overheard by the supervisor was just "background noise" because her husband was not a party to the call.  I-2 AF, Tab 32, Hearing Recording Day 1 (HR-1) (testimony of the appellant).  The Deputy Director, in contrast, testified that it was clear from the recording of the call that the appellant's husband was actively listening to the appellant's conversation with her supervisor, responding to issues discussed therein, and advising the appellant on how to respond.  I-2 AF, Tab 33, Hearing Recording Day 2 (HR-2) (testimony of the Deputy Director).

¶5     Based on a thorough review of this testimony and the other record evidence, the administrative judge issued an initial decision sustaining all of the charges, finding that the appellant failed to establish any of her affirmative defenses and concluding that the agency proved that removal promoted the efficiency of the service and is a reasonable penalty.  *Shows v. Department of the Treasury*, MSPB Docket No. DC-0752-22-0160-I-3, Appeal File, Tab 4, Initial Decision (ID).  The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 3.  Regarding the charges, she

challenges the administrative judge's weighing of the record evidence and her credibility findings. *Id.* at 9-14. She also challenges the administrative judge's conclusions regarding all her affirmative defenses, including her claim that the agency's failure to provide her with a *Kalkines* warning constituted harmful procedural error. *Id.* at 14-20. Finally, she asserts that the administrative judge's analysis of the penalty of removal was inadequate. *Id.* at 20-26. The agency has responded to the appellant's petition for review. PFR File, Tab 5.

<u>ANALYSIS</u>

<u>We clarify that an appellant's claim that an agency failed to properly provide a *Kalkines* warning during a disciplinary inquiry should be considered while assessing any charge related to the appellant's refusal to answer an inquiry.</u>

¶6    As noted, charge two—failure to follow management directives or instructions—concerns the appellant's refusal to inform the Deputy Director of the identity of the third party participating in the virtual meeting between the appellant and her supervisor despite his repeated requests for that information. IAF, Tab 4 at 547-48. A Federal agency's authority to discipline an employee for failure to cooperate in an investigation is circumscribed by the Fifth Amendment to the Constitution, which provides in relevant part that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." *Luna v. Department of Homeland Security*, 2024 MSPB 2, ¶ 7. Under *Kalkines*, 200 Ct. Cl. at 574, an agency can remove a Federal employee for failing to answer questions in a civil disciplinary inquiry only if the employee is sufficiently warned before questioning "that [s]he is subject to discharge for not answering and that [her] replies (and their fruits) cannot be employed against [her] in a criminal case."

¶7    In this case, the appellant argues that the agency failed to provide her with a *Kalkines* warning before the Deputy Director asked her to provide the name of the third party in the virtual meeting. I-2 AF, Tab 3 at 12. As stated above, the administrative judge construed this claim as one alleging harmful

procedural error, I-2 AF, Tab 24 at 11, and explained that, to prove such a claim, the appellant must show that the agency committed an error in the application of its procedures that is likely to have caused the agency to reach a different conclusion from the one it would have reached in the absence or cure of the error, ID at 17-18; *see* 5 C.F.R. § 1201.4(r). Considering that the parties stipulated that the agency did not provide the appellant with a *Kalkines* warning, I-2 AF, Tab 24 at 5, the administrative judge primarily discussed whether the agency was required to provide such a warning under the facts of this appeal, ID at 17-19. She found that the appellant did not have a reasonable belief that the Government might pursue criminal charges, and thus, that the appellant failed to establish an affirmative defense of harmful procedural error. ID at 17-19.

¶8 As further explained below, we agree with the administrative judge's conclusion that the appellant did not have a reasonable belief that the Government might pursue criminal charges against her, thereby precipitating the need for a *Kalkines* warning. We clarify, however, that the Board has traditionally viewed the *Kalkines* issue as going to the validity of the charge itself rather than as a harmful error defense. *E.g.*, *Haine v. Department of the Navy*, 41 M.S.P.R. 462, 469 (1989); *see also Luna*, 2024 MSPB 2, ¶ 8.[1] In other words, an employee's refusal to answer a question in derogation of her Fifth Amendment right to remain silent is not a chargeable offense, and an agency's attempt to charge an employee with such misconduct without a warning regarding her Fifth Amendment rights, when such a warning is required, renders the charge invalid. Accordingly, we modify the initial decision to consider the appellant's *Kalkines* warning argument in the context of whether the charge of failure to follow management directives or instructions—namely, to provide the Deputy Director with the name of the third party in the virtual meeting—was proper.

---

[1] The Board's decision in *Chin v. Department of Defense*, 2022 MSPB 34, ¶¶ 20-21, should not be interpreted as holding that a purported failure to provide a *Kalkines* warning is a harmful error issue. Although the appellant in that case framed it as one, the Board did not explicitly endorse that framing.

¶9 In the initial decision, the administrative judge correctly explained that the right to remain silent under the Fifth Amendment attaches only when there is a reasonable belief that elicited statements will be used in a criminal proceeding. ID at 17-19; *see Ashford v. Department of Justice*, 6 M.S.P.R. 458, 466 (1981). In considering whether the appellant had a such a belief, the administrative judge discussed the appellant's testimony that the Deputy Director knew her husband was an IRS employee and that it "seemed" to her that he wanted to pursue criminal charges against her or her husband. ID at 18; HR-1 (testimony of the appellant). The administrative judge also considered testimony from the appellant's first-level supervisor that she knew it was illegal in the state of Maryland to record someone without the party's consent and that she contacted the U.S. Treasury Inspector General for Tax Administration to see what recourse she may have against the appellant for surreptitiously recording their conversation. ID at 19; HR-1 (testimony of the first-level supervisor). The administrative judge noted, however, that the first-level supervisor's testimony made clear that she was seeking information about potential action on behalf of herself and not the agency, and that there was no evidence or argument that she ever initiated any criminal investigation or sought to bring charges against the appellant. ID at 19. The administrative judge further discussed testimony from the Deputy Director (the proposing official) that he did not pursue a criminal investigation, nor did he have any intention of referring the matter for criminal prosecution. ID at 19; HR-2 (testimony of the Deputy Director). Based on the foregoing, the administrative judge concluded that the appellant failed to identify any reasonable basis for her concern that the agency was considering criminal action and that her belief that the agency intended to pursue criminal action was "purely conjecture." ID at 19.

¶10 On review, the appellant asserts that the administrative judge abused her discretion by failing to acknowledge the Deputy Director's testimony that he had no knowledge of a *Kalkines* warning. PFR File, Tab 3 at 19. Such testimony,

however, does nothing to elevate the appellant's argument that she was entitled to such a warning from one of conjecture to one based in evidence. More to the point, though, is the nature of the information sought by the Deputy Director and which the appellant failed to provide. The specification to the failure to follow management directives or instructions charge asserted that the Deputy Director asked the appellant at least three times to identify the name of the individual heard in the virtual meeting and that individual's relationship to the appellant, and she refused each time. IAF, Tab 4 at 547. Any response to this inquiry, which concerned only the identity of an individual, would not itself implicate any criminal liability for surreptitiously recording the virtual meeting. Although the administrative judge's analysis, as briefly summarized above, largely considers whether the appellant had a reasonable belief that her actions in recording the conversation with the Deputy Director could implicate criminal liability, the agency's inquiry that formed the basis of the charge did not concern whether the appellant recorded the discussion.[2] We find that the appellant did not have a reasonable belief that the agency's inquiry regarding the identity of a third party would implicate her Fifth Amendment rights, such that she would be entitled to a *Kalkines* warning. Accordingly, we find that the agency's charge of misconduct concerning the appellant's failure to provide the information sought by the agency was properly brought. We modify the initial decision in this regard.

The appellant's remaining arguments are unavailing.

¶11    Once again, the appellant's petition includes other arguments. For example, the appellant disputes the administrative judge's weighing of the record evidence, her credibility findings, her conclusions regarding other affirmative

---

[2] In any event, the appellant's recording of the virtual meeting regarding her performance evaluation is undisputed. I-2 AF, Tab 24 at 4. Similarly, that the appellant herself provided the agency with a copy of the recording in the first instance as a part of her grievance related to the performance evaluation is also undisputed. *Id.*

defenses previously raised, and her analysis regarding the reasonableness of the penalty. PFR File, Tab 3 at 9-26.

¶12 We have thoroughly considered each of the appellant's arguments but find that none demonstrates error in the initial decision.[3] In instances such as this, when an initial decision is thorough, complete, and well-reasoned, we need not reiterate the administrative judge's analysis of the evidence in response to challenges to the same. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same); *see also Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980) (stating that a party's mere disagreement with the administrative judge's findings and credibility determinations generally does not warrant full review of the record by the Board). For the reasons set forth in the initial decision, we agree that the agency met its burden of proving the charges, nexus, and reasonableness of its penalty, while the appellant did not prove any of her affirmative defenses.

---

[3] The appellant separately argues on review that the administrative judge "would not allow" her husband to testify as a witness, despite being requested by her counsel. PFR File, Tab 3 at 14. Although the record reflects that the appellant requested her husband as a witness in her prehearing submissions, the summary of the prehearing conference indicates that the appellant withdrew her request for his testimony. I-2 AF, Tab 19 at 18, Tab 24 at 12. The appellant had an opportunity to object to that summary and did not do so. I-2 AF, Tab 24 at 13. Having failed to object to the administrative judge's prehearing conference summary, the appellant cannot complain about this matter on review. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 9 (2010). Further, although the appellant asserts that her husband's testimony was necessary because he was a witness to the events that ultimately resulted in her removal, she has not explained the specific nature of his expected testimony and how such testimony might have changed the outcome of the appeal. PFR File, Tab 3 at 13-14. In any event, the recording of the virtual meeting at issue in this appeal is in the record and speaks for itself. IAF, Tabs 10-1, 10-2, 10-3. We otherwise discern no error or abuse of discretion in the administrative judge's rulings on witnesses. *See* 5 C.F.R. § 1201.41(b)(8) (setting forth an administrative judge's authority and discretion to rule on witnesses).

¶13    Based on the foregoing, we affirm the initial decision as modified and deny the appellant's petition for review. This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board
Washington, D.C.