**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANGELA LEA,
　　　　　　Appellant,

v.

DEPARTMENT OF DEFENSE,
　　　　　　Agency.

DOCKET NUMBER
PH-0752-24-0303-I-1

DATE: May 29, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kyle Gibson Ingram</u>, Esquire, Washington, D.C., for the appellant.

<u>Amy L. Griffin</u>, Esquire, and <u>Joseph Guerra</u>, Esquire,
　　Philadelphia, Pennsylvania, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to consider the appellant's challenge to the validity of the settlement agreement pursuant to which she resigned and to FIND that the agreement does not lack consideration, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed by the agency's Defense Logistics Agency (DLA) as a GS-11 Tailored Vendor Logistics Specialist with an assigned duty station in Philadelphia, Pennsylvania. Initial Appeal File (IAF), Tab 9 at 31, 144. She and the agency entered into a telework agreement with a designated telework location in Elkins Park, Pennsylvania. *Id.* at 144. According to the appellant, she traveled to Houston, Texas, in March 2020 and did not return to Pennsylvania due to the COVID-19 pandemic. *Id.* at 141-42.

In June 2020, the appellant told an agency Lead Labor and Employee Relations Specialist (LLERS) that she was temporarily working from Texas and no longer had a permanent address in Pennsylvania. *Id.* at 141. The LLERS advised the appellant that because she was no longer teleworking from the agreed-upon location in Elkins Park, Pennsylvania, her telework agreement with the agency was no longer valid. *Id.* at 140. She also told the appellant that her alternative worksite "**must** be located within what is considered a recallable

distance which is defined in DLA policy as approximately two hours" from her Philadelphia duty station. *Id.* (emphasis in original).

In July 2020, the appellant submitted a request to telework remotely from Texas due to non-health-related pandemic concerns, which the agency denied. *Id.* at 134-38. In June 2021, the appellant submitted medical documentation which stated, in relevant part, that she had "been advised to not travel or fly for the next six months" for medical reasons. *Id.* at 123. On that basis, the agency approved the appellant's request for temporary, full-time telework from Texas as a reasonable accommodation beginning in June 2021 until December 25, 2021, and later extended the accommodation through July 14, 2022. *Id.* at 81, 108, 122.

In the interim, on July 5, 2022, the appellant requested to work remotely from Texas on a permanent basis as a reasonable accommodation. *Id.* at 81. The agency requested supporting medical documentation and provided a form for the appellant's medical provider to complete. *Id.* at 81, 97. On July 7, 2022, her doctor completed the form, noting that the appellant suffered from "blurred vision & double vision" and "fatigue." *Id.* at 97, 100. No restriction on flying was listed, and the documentation did not prohibit travel. *Id.* at 97-100. According to the appellant's doctor, the appellant's vision impairment impacted her ability to work on a computer and made it difficult to drive to work. *Id.* at 98, 100.

On July 14, 2022, the agency approved the alternative accommodation of allowing the appellant 60 days to relocate back to within 2 hours of her worksite in Philadelphia, and permission to telework once she relocated. *Id.* at 81. The agency ultimately extended the relocation period through October 2, 2023, and included the accommodation of limiting the appellant's work-related travel once she relocated to travel that was mission-critical and "within the essential functions of her position." *Id.* at 75, 77. The appellant continued to provide the agency with medical documentation that recommended that she "work from home and avoid any work related travel" because of her impaired vision. *Id.* at 80,

82-92. However, the medical documentation did not list restrictions on traveling in general or on relocating. *Id.*

After the 60-day relocation period ended, the appellant began using leave. *Id.* at 46-47. On October 27, 2023, the agency and the appellant, who was represented by an attorney, executed the settlement agreement that is at issue in the instant appeal. *Id.* at 36-41. Per the terms of the agreement, the appellant was permitted to "temporarily telework remotely from her residence in Houston . . . through March 15, 2024" and would relocate to a permanent residence within a recallable distance to her Philadelphia duty station no later than that date. *Id.* at 37. If the appellant failed to do so, she "agree[d] to resign from the [a]gency and/or the [a]gency may process . . . any paperwork necessary to effectuate [her] resignation." *Id.* at 37-38.

On March 14, 2024, the appellant sent an email to the agency with the subject line "disability resignation." IAF, Tab 13 at 23-24. She attached an unsigned Standard Form 52 (SF-52), Request for Personnel Action, asking the agency to process her resignation effective March 18, 2024. *Id.* at 23-26. The agency did so.[2] IAF, Tab 10 at 36. The appellant then filed the instant appeal arguing that her resignation was involuntary. IAF, Tab 1 at 2. The administrative judge notified the parties of an appellant's jurisdictional burden in an alleged involuntary resignation appeal and instructed her to submit evidence and argument establishing Board jurisdiction over her appeal. IAF, Tab 3 at 2-4. The administrative judge advised the agency that it could also respond on the jurisdictional issue. *Id.* at 4.

---

[2] Although the appellant initially submitted an SF-52 stating that she was "resigning under disability retirement," she later corrected her SF-52 at the agency's request to remove that remark and reflect that her resignation was for "personal reasons." IAF, Tab 13 at 23, 26. The appellant has not alleged that she applied for a disability retirement annuity, and the agency processed her separation as a resignation. IAF, Tab 10 at 36.

After the parties submitted their jurisdictional pleadings, IAF, Tab 9 at 5, 16-23, Tab 10, Tab 13 at 10-19, Tab 14 at 4, 6-13, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, IAF, Tab 18, Initial Decision (ID) at 1, 7-8. She found that the Boad lacks jurisdiction to invalidate or enforce the settlement agreement because it was not submitted into the record in a Board matter. ID at 5-6. She reviewed the agreement for the limited purpose of determining its impact on the appellant's resignation, but found that the appellant did not nonfrivolously allege that the agreement rendered her resignation involuntary. ID at 6-7. The administrative judge reasoned that the appellant made the decision to resign rather than relocate under the unambiguous terms of the agreement. ID at 7.

The appellant has timely filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We modify the initial decision to find that the settlement agreement does not lack consideration.</u>

Although the appellant argued below that the settlement agreement lacked consideration, the administrative judge declined to address this argument because the agreement had not been submitted into the record for enforcement. ID at 5-7; IAF Tab 10 at 4, 11-13. We modify the initial decision to consider the validity of the settlement agreement to the extent that it impacts the Board's jurisdiction over the appellant's alleged involuntary resignation. As explained below, we find that the appellant has not nonfrivolously alleged that the agreement lacked consideration.

An involuntary resignation is tantamount to a removal and is subject to the Board's jurisdiction. *Sullivan v. Department of Veterans Affairs,* 79 M.S.P.R. 81, 84 (1998). The Board has the authority to review an agreement to resign when

the agreement was reached outside of a Board proceeding to determine its effect on the Board's jurisdiction over an alleged involuntary resignation. *Id.* at 84-85; *see Wade v. Department of Veterans Affairs*, 61 M.S.P.R. 580, 582-83 (1994) (concluding that a party may challenge the validity of a settlement agreement that resulted in the withdrawal of his appeal even if the agreement was not entered into the record for enforcement purposes). Therefore, to the extent that the administrative judge failed to consider the validity of the agreement at issue here, we modify the initial decision to do so. *See King v. U.S. Postal Service*, 52 M.S.P.R. 60, 64-65 (1991) (disagreeing with an administrative judge's statement suggesting that the Board may only set aside a settlement agreement if it was entered into the record in a Board appeal).

Here, the parties entered into the agreement in October 2023, almost 5 months before the agency separated the appellant on March 18, 2024. IAF, Tab 9 at 31, 41. The waiver in the agreement included "any claim and/or dispute arising from or related to" the appellant's reasonable accommodation requests, and "any additional matters" arising prior to the signing of the agreement. *Id.* at 39. However, it did not purport to waive the appellant's right to file an appeal for her as-yet unrealized resignation. *Id.* Because the agreement is relevant to a determination of the voluntariness of the appellant's resignation, we consider its validity in that context.

According to the appellant, the agreement lacked consideration because the Rehabilitation Act of 1973 already required the agency to allow her to telework as a reasonable accommodation. PFR File, Tab 1 at 12-14; IAF, Tab 10 at 4, 11-15. Consideration is a performance or a return promise that must be bargained for and that does not involve the performance of a preexisting duty. *See Black v. Department of Transportation*, 116 M.S.P.R. 87, ¶ 17 (2011). A party's agreement to fulfill a legal obligation is not valid consideration. *Bogley's Estate*

*v. United States*, 514 F.2d 1027, 1033 (Ct. Cl. 1975).[3]   Thus, the question before us is whether the agency's promise under the settlement agreement related to accommodating the appellant's medical condition constituted a commitment to do what the law already required.

The Rehabilitation Act requires an agency to provide reasonable accommodations to an otherwise qualified individual with a disability. *Haas v. Department of Homeland Security*, 2022 MSPB 26, ¶ 28.  Similarly, an agency's denial of a reasonable accommodation to an eligible employee is a factor to be considered in determining whether the agency coerced the appellant's resignation or retirement. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 16 (2011).  As relevant here, a reasonable accommodation includes "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position."  5 C.F.R. § 1630.2(o)(1)(ii).  An agency has discretion to choose between effective accommodations, and an employee is not entitled to the accommodation of her choice. *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 21 (2014); *Henry v. Department of Veterans Affairs,* 108 M.S.P.R. 458, ¶ 22 (2008); *Simonne J. v. Department of Housing and Urban Development*, EEOC Appeal No. 2023005110, 2025 WL 1823986, at *3 (May 22, 2025).

The agency agreed not only to permit the appellant to telework from Philadelphia.  It also agreed to allow the appellant to telework from Houston between October 27 and March 18, 2023.  IAF, Tab 9 at 37, 41.  The appellant has not alleged, and her own medical documentation does not support a conclusion, that it was medically necessary for her to remain in Houston, or that she was unable to relocate to Philadelphia when the parties signed the agreement.

---

[3] The holdings of the U.S. Court of Claims announced before close of business September 30, 1982, are binding precedent on the Board. *Luna v. Department of Homeland Security*, 2024 MSPB 2, ¶ 8 n.4.

Rather, as of July 2022, her only restriction on mobility was to avoid driving. IAF, Tab 9 at 80, 84, 98-99. Accordingly, because the appellant has not asserted that the agency had a preexisting duty to permit her to telework from Houston at the time of settlement, she has not nonfrivolously alleged that the agreement was invalid due to lack of consideration.[4]

The appellant's separation pursuant to the terms of the settlement agreement was not involuntary.

The appellant reiterates on review that because she did not sign the SF-52 that she provided to the agency on March 14, 2024, her separation amounted to a removal. PFR File, Tab 1 at 18-19; IAF, Tab 10 at 10, 18, Tab 11 at 11, Tab 14 at 12. The administrative judge did not directly address this argument. However, she noted that the agency's processing of the resignation was consistent with the terms of the agreement. ID at 6-7. We agree.

A signed and executed settlement agreement that evidences the appellant's voluntary decision to resign constitutes her resignation. *Harman v. Department of Defense*, 80 M.S.P.R. 522, 527 (1999). Here, the settlement agreement was signed and executed. IAF, Tab 9 at 41. It provided that if the appellant failed to relocate to the Philadelphia area by March 15, 2024, she would "complete and submit her request for resignation (SF-52) no later than [that date]." *Id.* at 36. The agreement further contemplated that she might "fail[] to submit her resignation SF-52," in which event, "she explicitly authorize[d] the [a]gency to process . . . [her] resignation." *Id.* Regardless of whether the appellant signed

---

[4] The appellant also claims that the agency had a preexisting duty to complete disability retirement in a timely manner and thus this provision of the settlement agreement does not constitute valid consideration. PFR File, Tab 1 at 16-17; IAF, Tab 9 at 38. Due to our finding here that the agreement contains consideration, we need not address this issue. *See Pappas v. Office of Personnel Management*, 76 M.S.P.R. 152, 158 (1997) (reasoning that a very small amount of consideration, the proverbial "peppercorn," may support an enforceable contract), *aff'd per curiam*, 155 F.3d 565 (Fed. Cir. 1998) (Table).

her SF-52, she has failed to demonstrate that the agency's processing of her resignation pursuant to the terms of the agreement was involuntary.

To the extent that the appellant is asserting that the agency committed harmful error or violated her due process rights by effectuating her resignation without a signed SF-52, we lack independent jurisdiction to adjudicate those claims.  PFR File, Tab 1 at 18-19; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that the Board lacked jurisdiction over an appellant's harmful error, discrimination, and other claims absent an appealable underlying action); *Burnett v. U.S. Postal Service*, 104 M.S.P.R. 308, ¶¶ 5, 15 (2006) (agreeing with an administrative judge that because an appellant did not established jurisdiction over her claims that the agency violated her restoration rights, removed her, and denied her a within grade increase, she also failed to establish jurisdiction over her claims of discrimination and violations of her due process rights and of the merit system principles).  We therefore affirm the administrative judge's determination that the Board lacks jurisdiction over this appeal, as modified above.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                        _____

                                                         Gina K. Grippando
                                                         Clerk of the Board

Washington, D.C.